**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 25 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CLAUDIA DOLORES TOBAR-
ASCENCIO; et al.,

          Petitioners,

  v.

ERIC H. HOLDER, Jr., Attorney General,

          Respondent.

No. 08-73450

Agency Nos. A099-534-445
              A099-534-446

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2012[**]

Before:    LEAVY, PAEZ, and BEA, Circuit Judges.

Claudia Dolores Tobar-Ascencio and her son, natives and citizens of El
Salvador, petition for review of the Board of Immigration Appeals' ("BIA") order
dismissing their appeal from an immigration judge's decision denying their
application for asylum.  Our jurisdiction is governed 8 U.S.C. § 1252.  We review

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Tobar-Ascencio's testimony and her asylum application regarding whether her father had been kidnaped and whether he was deceased. *See id.* at 1040-44 (adverse credibility determination was reasonable under the REAL ID Act's "totality of the circumstances"). The agency properly rejected Tobar-Ascencio's explanations for these inconsistencies. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007) (upholding agency finding that explanations were insufficient). In the absence of credible testimony, Tobar-Ascencio's asylum claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

We lack jurisdiction to review Tobar-Ascencio's contention regarding waiver of her right to legal counsel because she failed to raise this claim to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (no jurisdiction over claims not presented below).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**